UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rufus Rivers,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>G. Alteri, *Berkeley County Sheriff*; Bobby Shuler, *Berkeley County Sheriff*; Berkeley County Public Defender, Inc.; Chad Shelton; William Myrick; South Carolina Attorney General; Department of Probation, Parole and Pardon Scs.; Kimberly Manning; SC Department of Corrections; Bryan Stirling; Berkeley County Sheriff,<br><br>　　　　　　　Defendants. | ) C/A No. 2:14-1267-DCN-BM<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　The Plaintiff, Rufus Rivers, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time he filed this action, Plaintiff was incarcerated by the South Carolina Department of Corrections ("SCDC"), but he has now been released from custody. See ECF No. 11. Plaintiff seeks monetary damages and injunctive relief for alleged violations of his constitutional rights and violations of state law.

　　　　Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490



U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff's claims concern his February 2009 arrest for "stealing money,"[1] and for the revocation of his probation. He alleges claims against the Berkeley County Sheriff, arresting officer

---

[1] Records from Berkeley County indicate that on July 28, 2010, Plaintiff pled guilty to the charge of exploitation/exploitation of a vulnerable adult for which he was sentenced to five years imprisonment suspended to five years probation, and he pled guilty to the charge of obtaining a signature or property worth in excess of $5,000 under false circumstances for which he was sentenced to ten years imprisonment suspended to ten years probation. The sentences were to run concurrently. See http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2009GS0801127&CaseType=C and http://publicindex.sc courts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2009GS0801128&CaseType=C. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



2

G. Alteri, and arresting officer Shuler for false arrest, false imprisonment, misrepresentations, and defamation; against Alteri and Shuler for malfeasance and negligent misrepresentation; against the Berkeley County Public Defender and Chad Shelton (public defender) for nonfeasance and misrepresentation; against the South Carolina Attorney General ("SCAG") and William Myrick (an assistant South Carolina attorney general) for abuse of power and "intentional emotional distress"; against Defendants Department of Probation, Parole and Pardon Services ("SCDPPPS") and Kimberly Manning (a SCDPPPS employee) for malicious prosecution and negligence; and against SCDC and SCDC Director Bryan Stirling for unlawful imprisonment.

## Heck v. Humphrey

Plaintiff's claims for false imprisonment, false arrest, unlawful imprisonment, and malicious prosecution are all subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Further, to the extent Plaintiff is challenging his probation revocation or the fact or duration of his probation, such claims are also subject to the Heck bar. See Thigpen v. McDonnell, 273 F. App'x 271, 272-73 (4th Cir. 2008) [applying Heck in the probation revocation area]; Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996)[Heck "applies to proceedings that call into question the fact or duration of parole or probation."]; Brown v. Lemacks, C/A No. 8:09–2160–CMC–BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ["The Supreme Court's



3

ruling in Heck also applies to probation and parole violation proceedings."], adopted by 2010 WL 2179490 (D.S.C. May 27, 2010).[2]

As Plaintiff has not shown a favorable termination as to his convictions and probation revocation(s), his claims for false arrest, false imprisonment, unlawful imprisonment, and malicious prosecution are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution].

### Defendants Berkeley County Public Defender, Inc. and Chad Shelton

Plaintiff asserts claims of nonfeasance and misrepresentation against Defendants Berkeley County Public Defender, Inc. and Shelton, his public defender. He alleges that Shelton

---

[2]Although Plaintiff is no longer incarcerated, this is not a case in which the Heck bar ceases. See Wilson v. Johnson, 535 F.3d 262, 267-268 (4th Cir. 2008)[former prisoner who brought a § 1983 action against the State of Virginia for arbitrarily extending the duration of his incarceration by four months was not barred by Heck as his sentence had expired, he could not seek habeas relief, and he would be left without any access to federal court if his § 1983 claim was barred]. In this action, Plaintiff is still under a sentence of probation and thus is still "in custody" for purposes of habeas relief. See Bishop v. Cnty. of Macon, 484 F. App'x 753, 755 (4th Cir. 2012)(citing Jones v. Cunningham, 371 U.S. 236, 243 (1963)); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) Drollinger v. Milligan, 552 F.2d 1220, 1224 (7th Cir.1977). Further, Plaintiff (unlike the claimant in Wilson v. Johnson) had ample time to pursue post-conviction relief. See, e.g., Ballenger v. Owens, 515 F. App'x 192, 195 n.5 (4th Cir. 2013)[discussing applicability of Heck to a prisoner who has completed his sentence].



4

failed to provide a meaningful adversarial challenge to the charges against him, failed to verify the amounts Plaintiff allegedly paid toward his victim's mortgage, and induced him to dismiss his application for post- conviction relief.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s) deprived him or her of a federal right under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). To the extent Plaintiff alleges claims pursuant to § 1983, Defendants Berkeley County Public Defender, Inc. and Shelton are subject to summary dismissal because the "office" as well as the attorneys in that office have not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980) [court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) [private attorney]. Therefore, these Defendants are entitled to dismissal of any federal claims asserted.

## Defendants SCAG and William Myrick

Plaintiff asserts claims for abuse of power and intentional emotional distress against Defendants SCAG and Myrick, an Assistant State Attorney General. However, to the extent these claims are not already barred by Heck, prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings,



5

grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000). In the instant action, Plaintiff's claims against the SCAG and Myrick involve the prosecution of Plaintiff's criminal case. Therefore, these Defendants are protected from Plaintiff's claims for damages by prosecutorial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process]. Additionally, Defendants have absolute immunity for claims for damages brought under § 1983 for their roles as witnesses in criminal proceedings. See Briscoe v. LaHue, 460 U.S. 325, 327–346 (1983); Kincaid v. Eberle, 712 F.2d 1023 (7th Cir.)[immunity to witnesses testifying before a grand jury], cert. denied, 464 U.S. 1018 (1983).

Further, with respect to Plaintiff's request for damages for emotional distress, there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). This is true whether a plaintiff is a free citizen or an incarcerated individual. See, e.g., Mitchell v. Cannon, C/A No. 2:07–3259–PMD–BM, 2009 WL 824202, *18 (D.S.C. March 26, 2009); Lynch v. Falsely, C/A No. 3:09–81–CMC–JRM, 2009 WL 398073, *3 (D.S.C. Feb.17, 2009). These claims are therefore subject to dismissal.



### Defendants SCDPPPS and Manning

Plaintiff alleges claims for malicious prosecution and negligence against SCDPPPS and Manning. As previously stated, to the extent Plaintiff if challenging his probation revocation on the fact or duration of his probation, his claim is barred by Heck. Further, any actions Manning took with respect to the revocation of Plaintiff's probation or parole, to include any violation reports she may have authorized, any recommendation for revocation of probation or parole, as well as her participation in Plaintiff's court hearings, do not give rise to a constitutional claim, as she enjoys immunity from suit for these actions. See Boyce v. County of Manicopa, 144 F. App'x 653, 654 (9th Cir. Aug. 15, 2005) ["The district court properly concluded that the probation officer defendants were entitled to absolute quasi-judicial immunity against damages claims."]; Galvin v. Garmon, 710 F.2d 214, 215 (5th Cir. 1983) [state probation officers entitled to qualified immunity]; Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984) [probation officers entitled to qualified immunity for their roles in petitioning for probation revocation]; see also Faile v. South Carolina Department of Juvenile Justice, 566 S.E.2d 536, 540–541 (S.C. 2002) [applying South Carolina law]. Claims for negligence are also not cognizable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Therefore, these Defendants are entitled to dismissal.

### Eleventh Amendment Immunity

As an additional ground for dismissal, the institutional Defendants that are state agencies (SCAG, SCDPPPS, and SCDC), and state agency officials in their official capacities (Myrick, Manning, and Stirling) are entitled to Eleventh Amendment immunity as to any claims for monetary damages. The Eleventh Amendment to the United States Constitution divests this Court



7

of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945));[3] see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

---

[3]A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 690, n. 55 (1978).



8

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. The South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

Defendant Berkeley County Sheriff's Department and Defendants Alteri and Shuler in their official capacities are also entitled to Eleventh Amendment immunity, as Sheriff's Departments in South Carolina are state agencies, not municipal departments. See Edwards v. Lexington Cnty. Sheriff's Dep't, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ["[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."]; Allen v. Fid. and Deposit Co., 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) [County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County], aff'd, 694 F.2d 716 (4th Cir. 1982) [Table]; Comer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) [suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."]. Therefore, in addition to being barred by Heck, Plaintiff's federal claims against these Defendants as state agencies or in a official capacity for damages are barred by the Eleventh Amendment.

### Claims under South Carolina Law

The remainder of Plaintiff's claims appear to be asserted under South Carolina law. If the Court dismisses Plaintiff's federal claims from this lawsuit, Plaintiff's state law claims will



be the only claims remaining, and where federal claims in a lawsuit originally filed in United States District Court are dismissed, leaving only state law causes of action, dismissal of the remaining state law claims without prejudice is appropriate. This will allow Plaintiff to pursue and obtain a ruling as to the viability of his state law claims in a more appropriate forum. See generally, United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)["Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"]; Carnegie–Mellon v. Cohill, 484 U.S. 343, 350, n. 7 (1988)["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state law claims."].[4] Further, if the Plaintiff's state law claims were to survive summary judgment, it would be much more appropriate for those claims to be tried by the state courts.

Dismissal of Plaintiff's state law claims would also not prejudice the Plaintiff, as federal law provides for tolling of statutes of limitation for state claims during the period they were pending in federal court and for thirty days afterwards. See 28 U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, 204 F.3d 109, 123–124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099–1100 (11th Cir.1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]; Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has

---

[4]Plaintiff could, of course, maintain his state claims in this court if there was diversity jurisdiction in this case . See 28 U.S.C. § 1332(a). However, all of the parties are alleged to be South Carolina residents. See ECF No. 1 at 1. Therefore, diversity jurisdiction is not available.



10

at least thirty days after dismissal to refile in state court."]. Therefore, Plaintiff would be able to refile his state claims in state court, if he chooses to do so.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has also requested that a preliminary injunction be issued to protect him from any further irreparable damages as he has been imprisoned three times as a result of Defendants' actions. ECF No. 2. Injunctive relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346-347 (4th Cir. 2009), judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Comm'n, 558 U.S. 1089 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. Real Truth, 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." Real Truth, 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22).

Analysis of the four factors reveals that Plaintiff's motion for preliminary injunction fails. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his



Complaint, as discussed in detail above. Second, Plaintiff has not made a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. Plaintiff admits he has now been released from SCDC custody, and to the extent Plaintiff argues that the injunction should be granted based on a possibility of future harm, such unsubstantiated fears are simply too speculative to amount to irreparable harm. See Microsoft Corp. Antitrust Litig., 333 F.3d at 530 [explaining that irreparable harm cannot be "remote nor speculative, but actual and imminent"]; see also Basey v. Mooneyham, 172 F.App'x 582, 584 (5th Cir. 2006)[denying request for preliminary injunction where prisoner sought transfer because of "imminent danger" from corrections officers involved in earlier assault]; Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) [holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"]. Third, Plaintiff has not shown that the balance of equities tips in his favor. Finally, Plaintiff has not shown that an injunction is in the public interest.

Therefore, Plaintiff's request for injunctive relief should be denied.

## Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process. It is also recommended that Plaintiff's motion for a preliminary injunction (ECF No. 2) be **denied**.



12

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 19, 2014
Charleston, South Carolina

13

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

14