**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| RUFUS RIVERS, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> G. ALTERI; BOBBY SHULER; CHAD ) </br> SHELTON; WILLIAM MYRICK; ) </br> KIMBERLY MANNING; and BRYAN ) </br> STIRLING, ) </br> ) </br> Defendants. ) </br> ) | No. 2:14-cv-01267-DCN </br></br> **ORDER** |

      This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court summarily dismiss the present action filed by plaintiff Rufus Rivers ("Rivers"). Rivers filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R in part and rejects the R&R in part, summarily dismisses the federal claims against five defendants, and denies Rivers's motion for preliminary injunction.

## I.  BACKGROUND

      On or about February 3, 2009, Rivers was arrested in Moncks Corner, South Carolina. Am. Compl. ¶ 4. Rivers alleges that the officers who arrested him—defendants G. Alteri ("Alteri") and Bobby Shuler ("Shuler")—represented to him that certain warrants were issued for his arrest when, in fact, said warrants had not been signed by a judge. Id. ¶¶ 4-5. Rivers alleges that in reliance on such representations, he was induced to consent to searches of his person and automobile, which "eventually result[ed] in false arrest and false imprisonment." Id. ¶ 6. Rivers alleges that Alteri and

1

Shuler defamed him by making statements to the media that Rivers had stolen $15,000 from Rosalee Wigfall and used it for his personal use. Id. ¶¶ 7-8.

Rivers further alleges that after he requested a preliminary hearing, defendants dismissed the charges before such a hearing could take place and "gave said charges to the Attorney General." Id. ¶ 12. Rivers asserts that his public defender, defendant Chad Shelton ("Shelton"), "failed to provide a meaningful adversarial challenge to the plaintiff [sic] charges," which "constitute[d] intentional breach of professional duties to plaintiff." Id. ¶¶ 18-19. In particular, Rivers alleges that Shelton failed to "verify monies paid toward said victim's mortgage," which, if verified, "would have made an extraordinary difference in plaintiff's sentence." Id. ¶ 20.

Rivers alleges that assistant attorney general William Myrick ("Myrick") coerced him to plead guilty to two unsubstantiated felony charges. Id. ¶ 30. For the first charge—obtaining property (valued at over $5000) under false pretenses—Rivers was sentenced to 10 years, suspended to 5 years probation. Id. ¶ 31. Rivers alleges that a "prospective statute in effect increase[d] the property amount and reduc[ed] the sentence." Id. Rivers was also sentenced to five years, suspended to five years probation, for exploitation of a vulnerable adult. Id. ¶ 33.

On July 29, 2010, Rivers's probation was transferred from Berkeley County to Orangeburg County and he was ordered to pay $2500 towards his $15,600 restitution sentence within ten days. Id. ¶ 34. He was able to pay $1250 towards restitution but "was violated for willful non-payment of restitution." Id. ¶ 35. Rivers contends that Myrick "used the power of his office to influence Kimberly Manning ("Manning") of [the South Carolina Department of Probation, Parole and Pardon Services] to violate

[Rivers's] probation with the intent to imprison [him]." Id. ¶ 36. Rivers contends that Myrick attended and testified at his revocation hearing with the intent of influencing the court's decision. Id. ¶¶ 37-39. Rivers alleges that Myrick's "lack of jurisdiction and meddling caused [Rivers's] untimely incarceration." Id. ¶ 40.

Rivers's probation was revoked again on September 15, 2010 and he was sentenced to 90 days in jail for willful non-payment of restitution. Id. ¶ 43. Rivers immediately appealed, posted bond, and was released. Id. ¶ 44. On November 10, 2010, Rivers was again accused of non-payment of restitution and was sentenced to three years incarceration. Id. ¶ 45. This occurred while Rivers's prior appeal was pending. Id. In January 2011, Rivers appealed the second probation revocation, posted bond, and was released after serving 103 days in prison. Id. ¶ 46. On March 7, 2012, at another probation revocation hearing for non-payment of restitution, Rivers presented a copy of a cashier's check which he contends showed that the restitution amount was incorrect. Id. ¶ 47. Despite this, Rivers's probation was revoked and he was sentenced to six months incarceration while his previous appeals were pending. Id. ¶ 48. Rivers was released from prison on June 29, 2012, after serving the six month sentence. Id. ¶ 49. Both of Rivers's appeals were decided on July 2, 2012, when the South Carolina Court of Appeals reversed and remanded the probation revocation sentences because the circuit court did include required findings in its decision to revoke probation. Id. ¶ 50.

On March 6, 2013, Rivers's probation was again revoked and he was sentenced to two years incarceration for non-payment of restitution. Id. ¶ 51. Rivers alleges that Manning deliberately disregarded the decision of the South Carolina Court of Appeals. Id. ¶ 52. Rivers also contends that Bryan Stirling ("Stirling"), director of the South

Carolina Department of Corrections, "failed to act when [Rivers] produced documentation[, the Court of Appeals decision,] to confirm [his] right to be released." <u>Id.</u> ¶ 57.

On August 29, 2013, Rivers was granted a post-conviction relief hearing, in which he alleged ineffective assistance of counsel. <u>Id.</u> ¶ 21. He alleges that Shelton misrepresented to him that the post-conviction relief judge had instructed Rivers to dismiss his petition for lack of being in the "proper forum." <u>Id.</u> Rivers claims that this misrepresentation induced him to dismiss his petition and the petition was ultimately dismissed with prejudice. <u>Id.</u> ¶ 22. Rivers contends that while he presented documentation showing that his sentence was incorrect, Shelton intentionally prevented the post-conviction relief judge from holding a reconsideration hearing. <u>Id.</u> ¶¶ 26-27.

Rivers filed the present action on April 8, 2014, alleging the following causes of action: (1) false arrest, false imprisonment, misrepresentations, and defamation against Alteri, Shuler, and the Berkeley County Sheriff; (2) malfeasance and negligent misrepresentation against Alteri and Shuler; (3) nonfeasance and misrepresentation against the Berkeley County Public Defender, Inc. and Shelton; (4) abuse of power and intentional infliction of emotional distress against the South Carolina Attorney General and Myrick; (5) malicious prosecution and negligence against the South Carolina Department of Probation, Parole, and Pardon Services and Brantley; and (6) unlawful imprisonment against the South Carolina Department of Corrections and Stirling. The same day, Rivers filed a motion for a preliminary injunction. On August 19, 2014, the magistrate judge issued an R&R recommending that this court summarily dismiss Rivers's complaint. Rivers filed objections to the R&R on September 8, 2014. The same

day, Rivers moved to amend his complaint to remove the state agencies as defendants. The court granted the motion to amend on March 30, 2015. This matter is ripe for the court's review.

## II. STANDARDS

### A. Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B. Summary Dismissal

Title 28 U.S.C. § 1915 permits an indigent litigant to file in forma pauperis, which allows a federal court action to be commenced without prepaying the administrative costs of proceeding with the lawsuit. However, the statute limits the actions that may be filed by permitting the court to dismiss the case upon finding that the action "fails to state a

claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous when it is "clearly baseless," which includes allegations that are "fanciful" or "delusional." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 325, 327–328 (1989)).

### C.     Pro Se Plaintiff

Plaintiff is proceeding pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

## III.   DISCUSSION

As an initial matter, the court notes that Rivers does not object to the magistrate judge's recommendation that this court deny his motion for preliminary injunction. Because the court finds no clear error on the face of the record, the court denies Rivers's motion for preliminary injunction.

Rivers objects to the R&R on five grounds, arguing that the magistrate judge erred in: (1) applying Heck v. Humphrey, 512 U.S. 477 (1994), to his claims; (2) finding that Shelton was not acting under the color of law; (3) finding that the Myrick is entitled

to immunity; and (4) finding that Manning is entitled to immunity. The court will consider these objections in turn.[1]

### A. Application of Heck

Rivers first objects to the magistrate judge's application of Heck. Pl.'s Objections 1.

In Heck, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will **not** demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . .

512 U.S. at 487.

As an initial matter, the court agrees with the magistrate judge that any claims for false arrest, false imprisonment, and malicious prosecution arising out of Rivers's initial arrest and detainment are subject to dismissal because Rivers has not demonstrated that his conviction or sentence based on his initial arrest has been invalidated. Because the federal claims against Alteri and Shuler all relate to Rivers's initial arrest, the court finds that those claims are barred by Heck and should be dismissed.

However, Heck also applies to the revocation of Rivers's probation. See Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (applying Heck to probation revocation); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (holding that Heck "applies to proceedings that call into question the fact or duration of parole or

---

[1] The court's consideration of West's objections applies to the amended complaint, which, besides dismissing claims against the state entities, is substantially the same as the original complaint.

probation"). Here, as Rivers notes, he appealed the probation revocation and the South Carolina Court of Appeals reversed and remanded with instructions for the circuit court to make further factual findings. See State v. Rivers, 2012 WL 10861538, at *1 (S.C. Ct. App. July 11, 2012). At this stage, it is not possible for the court to determine whether the federal causes of action arising from Rivers's imprisonment following his probation revocation should be dismissed.

Therefore, the court does not summarily dismiss Rivers's federal claims against Stirling to the extent they arise out of his incarceration for violating the conditions of his probation.

### B.     Federal Claims against Shelton

Rivers objects to the magistrate judge's finding that Berkeley County Public Defender, Inc. and Shelton did not act under the color of state law. Pl.'s Objections 3.

It is well-settled that public defenders do not act under color of state law when serving as counsel to a defendant in a criminal proceeding. See Polk Cnty. v. Dodson, 454 U.S. 312, 321–25 (1981) (holding that for purposes of § 1983 liability, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Turnage v. LaCorte, 2012 WL 3263895, at *1 (D. Md. Aug. 7, 2012).

Therefore, the court dismisses the federal claims against Shelton.

### C.     Federal Claims against Myrick

West objects to the magistrate judge's recommendation that Myrick is entitled to immunity. Pl.'s Objections 4.

Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. 409, 430 (1976). To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (citation omitted); Carter v. Burch, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley, 509 U.S. at 273. The initiation of probation revocation proceedings fall within a prosecutor's role as an advocate for the state. See Williams v. Bowen, 2013 WL 5322867, at *4 (E.D. Va. Sept. 23, 2013). Additionally, to the extent West alleges that Myrick testified at his probation revocation hearing, witnesses in criminal proceedings have absolute immunity in an action for damages brought under § 1983. Culpepper v. Wilson, No. 9:09-cv-2328, 2010 WL 1541764, at *4 (D.S.C. Feb. 24, 2010) (citing Briscoe v. LaHue, 460 U.S. 325, 327–346 (1983)).

Therefore, the court dismisses the federal claims against Myrick.

### D.     Federal Claim against Manning

West's brief objection to the magistrate judge's recommendation that Manning is entitled to immunity is difficult to parse. Pl.'s Objections 4. After reviewing the record, the court agrees that Manning is entitled to immunity. See Stevens v. Spartanburg Cnty.

Prob., Parole, & Pardon Servs., 2010 WL 678953, at *7–8 (D.S.C. Feb. 23, 2010) (holding that probation officers were entitled to quasi-judicial immunity).

Therefore, the court dismisses the federal claims against Manning.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** in part and **REJECTS** in part the magistrate judge's R&R and **SUMMARILY DISMISSES** the federal causes of action against Alteri, Shuler, Shelton, and Myrick.  To the extent the complaint asserts state law causes of action, those claims, along with potential federal claims against Stirling, remain live issues.  The court also **DENIES** Rivers's motion for preliminary injunction.

**AND IT IS SO ORDERED**.

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**March 30, 2015**
**Charleston, South Carolina**