UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rufus Rivers, | ) C/A No. 2:14-1267-DCN-BM |
| Plaintiff, | ) |
| vs. | ) |
| G. Alteri, *in his individual capacity as Berkeley County Detective*; Bobby Shuler, *in his individual capacity as Berkeley County Detective*; Chad Shelton, *in his individual capacity as Berkeley County Public Defender*; William Myrick, *in his individual capacity as SC assistant Attorney General*; Kimberly Manning, *in her individual capacity as Supervisor at SC Department of Probation, Parole, and Pardon Services*; Bryan Stirling, *in his individual capacity as Director at SC Department of Corrections*, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

The Plaintiff, Rufus Rivers, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time Plaintiff filed this action, he was incarcerated at the South Carolina Department of Corrections ("SCDC"), but was subsequently released from custody. See Notice of Change of Address, ECF No. 11.[1] A second motion for a preliminary injunction was filed by Plaintiff on December 29, 2014.[2]

---

[1] Plaintiff has submitted no further address change or anything else to indicate that he has been taken back into custody.

[2] Plaintiff's first motion for a preliminary injunction (ECF No. 2) was denied by the Honorable David C. Norton, United States District Judge, on March 30, 2015. See ECF No. 24.



In his current motion, Plaintiff requests that this Court issue a preliminary injunction staying his probation hearing until after this Court makes a ruling in this action. Records from Berkeley County, South Carolina indicate that on July 28, 2010, Plaintiff pled guilty to the charge of exploitation/exploitation of a vulnerable adult for which he was sentenced to five years imprisonment suspended to five years probation, and pled guilty to the charge of obtaining a signature or property worth in excess of $5,000 under false circumstances for which he was sentenced to ten years imprisonment suspended to ten years probation. The sentences were to run concurrently. See http://publicindex.sccourts.org/ Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2009GS0801127&CaseType=C and http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2009GS0801128&CaseType=C (last visited June 15, 2015). Plaintiff claims that his due process rights have been violated repeatedly because his probation has been revoked four times and he has been imprisoned three times since September 15, 2010. He states that his probation revocation sentence was appealed and eventually reversed, but not until he was imprisoned. Plaintiff asserts that he was presented with another citation on December 11, 2014, informing him of another probation hearing for non-payment of restitution and fees. ECF No. 22 at 3. It is that proceeding that Plaintiff wants enjoined.

Injunctive relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346-347 (4th Cir. 2009), judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Comm'n, 558 U.S. 1089 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th



Cir. 1977); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. Real Truth, 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." Real Truth, 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22). Plaintiff has failed to satisfy these requirements.

Initially, it should be noted that Plaintiff filed this motion against the South Carolina Department of Probation, Parole and Pardon Services. This agency is no longer a defendant in this action, as Plaintiff filed an Amended Complaint deleting this entity as a defendant. See ECF Nos. 20, 26, as modified by ECF No. 24 [Order establishing claims]. Thus, Plaintiff's motion should be denied as Plaintiff is requesting relief from an entity that is no longer a party to this action.

Additionally, analyzing the four factors from Winter, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Pursuant to Judge Norton's order, Plaintiff's remaining federal claims are those "against [Defendant] Stirling to the extent they arise out of [Plaintiff's] incarceration for violating the conditions of his probation." ECF No. 24. Although Plaintiff states that his sentence was appealed and eventually reversed, in support of this claim he himself references a July 2012 decision of the Court of Appeals of South Carolina concerning his appeal of two of his probation revocations which does not support his contention.



While the July 2012 Court of Appeals decision did reverse the circuit court's revocation of Plaintiff's probation based on Plaintiff's failure to pay, it did not rule in favor of Plaintiff's challenge to his parole revocation. Rather, it remanded the action to the circuit court with instructions to make findings of fact as to whether the violation was willful. State v. Rivers, No. 2012-UP-413, 2012 WL 10861538 (S.C.Ct. App. July 11, 2012). Thus, there is simply no indication that Plaintiff's underlying parole revocation proceedings have been invalidated, as they are still ongoing, and in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Therefore, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint, because to the extent that Plaintiff is challenging his probation revocation or the fact or duration of his probation, such claims will be subject to the Heck bar. See Thigpen v. McDonnell, 273 F. App'x 271, 272-73 (4th Cir. 2008) [applying Heck in the probation revocation area]; Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996)[Heck "applies to proceedings that call into question the fact or duration of parole or probation."]; Brown v. Lemacks, C/A No. 8:09–2160–CMC–BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ["The Supreme Court's ruling in Heck also applies to probation and parole violation proceedings."], adopted by 2010 WL 2179490 (D.S.C. May 27, 2010).[3]

---

[3]Although Plaintiff is no longer incarcerated, this is not a case in which the Heck bar ceases. See Wilson v. Johnson, 535 F.3d 262, 267-268 (4th Cir. 2008)[former prisoner who brought a § 1983 action against the State of Virginia for arbitrarily extending the duration of his incarceration by four months was not barred by Heck as his sentence had expired, he could not seek habeas relief, and he would be left without any access to federal court if his § 1983 claim was barred]. However, in this action Plaintiff is still under a sentence of probation and thus is still "in custody" for habeas relief.
(continued...)

4



Additionally, Plaintiff is unlikely to be successful as to the underlying issues because federal courts abstain from interfering in state proceedings if there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests, and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)). Each of these three circumstances is present in this case. The probation revocations relate back to Plaintiff's original criminal convictions in 2013, initiated well before Plaintiff's present action. See, e.g., United States v. Hawkins, 675 F.Supp.2d 617, 620 (E.D.Va. 2009); accord Milnes v. Samples, No. 88–7584, 1988 WL 105445, at *2 (4th Cir. Sept. 22, 1988)["probation revocation proceedings are continuations of the original criminal proceeding"]. The state of South Carolina has an important, substantial, and vital interest in preventing violations of its criminal laws; the probation system serves that interest. Younger v. Harris, 401 U.S. 37, 43–44 (1971); accord Nivens, 319 F.3d at 154. Although Plaintiff may allege otherwise, there is no evidence that the state courts will deny Plaintiff the opportunity to raise his present complaints. Finally, there are no "extraordinary circumstances" justifying intervention. Nivens, 319 F.3d at 154. Plaintiff's requested injunction plainly violates "the spirit of the Younger doctrine, since he is trying to derail

---

³(...continued)
See Bishop v. Cnty. of Macon, 484 F. App'x 753, 755 (4th Cir. 2012)(citing Jones v. Cunningham, 371 U.S. 236, 243 (1963)); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) Drollinger v. Milligan, 552 F.2d 1220, 1224 (7th Cir.1977). Further, Plaintiff (unlike the claimant in Wilson v. Johnson) had ample time to pursue post-conviction relief. See, e.g., Ballenger v. Owens, 515 F. App'x 192, 195 n.5 (4th Cir. 2013)[discussing applicability of Heck to a prisoner who has completed his sentence].

5



an ongoing probation revocation proceeding." Sarlund v. Anderson, 205 F.3d 973, 975 (7th Cir. 2000).

As to the second Winter factor, Plaintiff has not made a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. Plaintiff previously informed the Court that he had been released from SCDC custody and has submitted nothing to indicate he has been re-incarcerated. Records from Berkeley County indicate that a probation revocation was held on March 2, 2015, which appears to be in response to the South Carolina Court of Appeals order (see State v. Rivers, 2012 WL 10861538) reversing and remanding Plaintiff's probation revocation with instructions to make findings of fact as to whether the violation was willful, but no further information has been provided. To the extent that Plaintiff argues the injunction should be granted based on a possibility of another revocation proceeding or other future harm, such unsubstantiated fears are simply too speculative to amount to irreparable harm. See Microsoft Corp. Antitrust Litig., 333 F.3d 517, 530 (4th Cir. 2003)[explaining that irreparable harm cannot be "remote nor speculative, but actual and imminent"]; see also Basey v. Mooneyham, 172 F.App'x 582, 584 (5th Cir. 2006)[denying request for preliminary injunction where prisoner sought transfer because of "imminent danger" from corrections officers involved in earlier assault]; Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) [holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"].

Finally, Plaintiff has not shown that the balance of equities tips in his favor, nor has Plaintiff shown that an injunction is in the public interest. Winter, 555 U.S. at 20 ["In exercising their

6



sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

### Recommendation

Based on the foregoing, it is recommended[4] that Plaintiff's motion for a preliminary injunction (ECF No. 22) be **denied**.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 17, 2015
Charleston, South Carolina

---

[4]A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

