**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Rufus Rivers, | ) CIVIL ACTION NO. 2:14-1267-DCN-BM |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| G. Alteri, Bobby Shuler, Chad Shelton, | ) |
| William Myrick, Kimberly Manning, | ) |
| and Bryan Stirling, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, Rufus Rivers, proceeding pro se and in forma pauperis, filed a lawsuit

seeking monetary damages and injunctive relief for alleged violations of his constitutional rights and

violations of state law by the named Defendants. At the time Plaintiff filed this action, he was

incarcerated with the South Carolina Department of Corrections (SCDC), but he has now been

released from custody. See Court Docket No. 11.

In his original Complaint, Plaintiff's claims concerned his February 2009 arrest for

"stealing money" and for the revocation of his probation. Plaintiff alleged claims against the

Berkeley County Sheriff, arresting officer G. Alteri, and arresting officer Shuler for false arrest, false

imprisonment, misrepresentations, and defamation; against Alteri and Shuler for malfeasance and

negligent misrepresentation; against the Berkeley County Public Defender and Chad Shelton (public

defender) for nonfeasance and misrepresentation; against the South Carolina Attorney General

1



("SCAG") and William Myrick (an assistant South Carolina attorney general) for abuse of power and "intentional emotional distress"; against [then] Defendant Department of Probation, Parole and Pardon Services ("SCDPPPS") and Kimberly Manning (a SCDPPPS employee) for malicious prosecution and negligence; and against the SCDC and SCDC Director Bryan Stirling for unlawful imprisonment following the revocation of his probation.

In a Report and Recommendation issued August 19, 2014, the undersigned recommended summary dismissal of Plaintiff's case on various grounds. See Court Docket No. 17. Plaintiff thereafter filed a motion to amend his Complaint on September 8, 2014, and by Order issued March 30, 2015, Plaintiff's motion to amend was granted. The following day, an Order was entered adopting in part and rejecting in part the Report and Recommendation. In that Order, the Court 1) found that Plaintiff's federal claims against the Defendants Alteri and Shuler for false arrest, false imprisonment and malicious prosecution arising out of Plaintiff's initial arrest and detainment were subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994), 2) that Plaintiff's federal claims against the Defendant Shelton (Plaintiff's Public Defender) were subject to dismissal because Shelton was not a state actor for purposes of a claim under 42 U.S.C. § 1983, 3) that Plaintiff's federal claims against the Defendant Myrick (a Prosecutor) were subject to dismissal based on prosecutorial immunity, and 4) that Plaintiff's federal claims against the Defendant Manning (a probation officer) were subject to dismissal based on quasi-judicial immunity. With respect to the Defendant Stirling, however, the Court held that Plaintiff's federal claims against Stirling to the extent they arose out of his incarceration for violating the conditions of his probation were not subject to dismissal under Heck at that time because Plaintiff had appealed his probation revocation. Further, as this federal claim was not being dismissed, the Court found that Plaintiff's various pendant state law causes of



action were also not subject to dismissal at that time.  See generally, Order (Court Docket No. 24).

On January 15, 2016, the Defendants filed a motion for summary judgment pursuant to Rule 56 Fed.R.Civ.P.  As the Plaintiff is proceeding pro se , a Roseboro Order was entered by the Court on January 19, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.  However, notwithstanding the specific warning and instructions as contained in the Court's Roseboro order, Plaintiff failed to file any response to the Defendants' motion, or to contact the Court in any way.  Therefore, on February 29, 2016, a Report and Recommendation was entered recommending dismissal of the case for lack of prosecution.

Following entry of the Report and Recommendation, a motion for extension of time to respond was received from the Plaintiff.  That motion was granted, and Plaintiff thereafter filed a response in opposition to the motion for summary judgment on March 21, 2016.  The Defendants filed a reply memorandum on March 29, 2016, to which Plaintiff filed a sur reply on April 12, 2016.

Defendants' motion is now before the Court for disposition.[1]

### Background and Evidence

With respect to Plaintiff's remaining federal claim against the Defendant Stirling arising out of his incarceration for violating the conditions of his probation, Plaintiff alleged in his Amended Complaint that following his conviction on felony charges in July 2010 he received a

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C.  The Defendants have filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



sentence of ten years, suspended to five years probation for obtaining property under false pretenses, and five years, suspended to five years probation, for exploitation of a vulnerable adult.  Complaint, ¶ ¶ 30-31, 33.[2]  Plaintiff alleges his probation was then transferred to Orangeburg County from Berkeley County.  Id., ¶ 34.

Plaintiff alleges that, subsequently, his probation was revoked on September 15, 2010 for non-payment of restitution, and he was sentenced to ninety days in prison.  Plaintiff alleges that he posted bail while he appealed this ruling, following which he was violated again on November 10, 2010 for willful non-payment of restitution and sentenced to three years.  Plaintiff alleges that this occurred while his previous appeal was still pending, and that on or about January 11, 2011 his attorney appealed the second revocation as well.  Plaintiff alleges that he posted bond and was released from prison after service of one hundred and three (103) days.  Id., ¶ ¶ 43-46.  Plaintiff alleges that thereafter, on March 7, 2012, his probation was again revoked for non-payment and he was sentenced to six months in prison even "while the previous appeals were be[ing] decided".  Id., ¶ 48.  Plaintiff alleges that after serving this six month sentence he was released from prison. Plaintiff further alleges that on July 2, 2012 his previous revocations were reversed and remanded on appeal, but that on March 13, 2013, even "after presenting to the court the appeals court's

_____

[2]Records from Berkeley County confirm that on July 28, 2010, Plaintiff pled guilty to the charge of exploitation/exploitation of a vulnerable adult for which he was sentenced to five years imprisonment suspended to five years probation, and pled guilty to the charge of obtaining a signature or property worth in excess of $5,000 under false circumstances for which he was sentenced to ten years imprisonment suspended to ten years probation.  The sentences were to run concurrently.  See http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County= 08&CourtAgency=08001&Casenum=2009GS0801127&CaseType=C and http://publicindex.sc courts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=0&CourtAgency=08001&Casenum =2009GS0801128&CaseType=C.  Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"].



decisions", his probation was revoked and he was sentenced to two years in prison for willful non-payment of restitution. <u>Id.</u>, ¶¶ 49-51. Plaintiff alleges that the Defendant Stirling is liable to him for monetary damages because he "failed to act when Plaintiff produced documentation to confirm Plaintiff's right to be released". <u>Id.</u>, ¶¶ 57, 60; <u>see also</u>, Request for Relief [Sixth Cause of Action], at p. 9.

In support of summary judgment on this claim, the Defendants have submitted a copy of Plaintiff's probation violation citation of August 12, 2010, as well as part of the transcript from Plaintiff's probation revocation hearing of September 15, 2010, wherein the Court revoked Plaintiff's probation and sentenced him to ninety days. <u>See</u> Court Docket Nos. 61-11 and 61-12. Defendants have also submitted a copy of Plaintiff's second probation violation citation dated September 24, 2010, as well as part of the transcript from Plaintiff's second probation violation hearing on November 10, 2010, wherein the Court revoked Plaintiff's probation and reinstated three years of Plaintiff's ten year sentence, following which Plaintiff would be back on probation to make restitution. <u>See</u> Court Docket Nos. 61-13 and 61-14.

As Plaintiff notes in his amended Complaint, he appealed both of these rulings, and on July 11, 2012 the South Carolina Court of Appeals found that the lower court had erred by revoking Plaintiff's probation without making the necessary findings of fact as to whether the violation of failure to pay restitution was willful, and reversed and remanded the matter back to the circuit court with instructions to make the findings required by <u>State v. Spare</u>, 647 S.E.2d 706 (S.C.Ct. App. 2007). <u>See</u> <u>State v. Coker</u>, 723 S.E.2d 619, 620 (S.C.Ct. App. 2012) [Holding that "the circuit court may not revoke probation solely on the basis of a failure to pay money unless the record reflects made" certain findings outlined by <u>Spare</u>]. <u>See also</u> Court Docket No. 61-15. Defendants



have provided evidence to show that, following this remand, counsel for the Department of Probation, Parole and Pardon Services requested that a hearing be scheduled so that the circuit court could make the findings required by <u>Spare</u>, and that this hearing was held on March 6, 2013. At the conclusion of that hearing the Circuit Judge issued orders finding that Plaintiff had willfully made a choice not to pay his restitution, thereby violating the terms of his probation, and revoking Plaintiff's probation and ordering that he serve two years of the original sentence, suspended upon payment of $2,250 towards restitution. <u>See</u> Court Docket No. 61-17. Plaintiff appealed this decision on March 11, 2013; however, his appeal was dismissed on November 6, 2013 for failure to comply with the required procedural requirements for perfecting the appeal. <u>See</u> Court Docket Nos. 61-18 and 61-19. There is no record of Plaintiff ever pursuing, or attempting to pursue, any habeas relief (state or federal) with respect to any of these probation violation decisions.[3]

Finally, the Defendants have submitted evidence to show that on January 22, 2015, orders were entered by the state circuit court finding that Plaintiff had violated the terms of his probation, that he had served a total of thirty-three months in prison, that a civil judgment should be entered for fees, fines and restitution, and that Plaintiff's probation was being reduced to time served and Plaintiff was released from supervision. <u>See</u> Court Docket No. 61-20.

In opposition to the Defendants' motion for summary judgment, Plaintiff has provided an affidavit (undated). However, Plaintiff does not address in this affidavit the issues or his claims relating to his probation revocation proceedings. <u>See</u> Court Docket No. 76-1.

---

[3]Plaintiff did file a state Post-Conviction Relief (PCR) action with respect to his original convictions. However, he subsequently dismissed that action. <u>See</u> Court Docket Nos. 61-8 through 61-10.



## **Discussion**

As noted, the Defendants have moved for summary judgment in this case. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment on Plaintiff's federal claim, and that his remaining state law claims should then be dismissed, without prejudice.

## **I.**

### **(Plaintiff's Remaining Federal Claim Against the Defendant Stirling)**

Plaintiff's claim for monetary damages against the Defendant Stirling for "unlawfully'



imprisoning him as a result of his probation violations is subject dismissal based on the United States Supreme Court's decision in Heck, wherein the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Probation revocation proceedings and decisions are subject to the Heck bar. See Thigpen v. McDonnell, 273 F. App'x 271, 272-73 (4th Cir. 2008) [applying Heck in the probation revocation area]; Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996)[Heck "applies to proceedings that call into question the fact or duration of parole or probation."]; Brown v. Lemacks, C/A No. 8:09–2160–CMC–BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ["The Supreme Court's ruling in Heck also applies to probation and parole violation proceedings."], adopted by 2010 WL 2179490 (D.S.C. May 27, 2010).

In initially deciding that this claim could proceed, this Court noted in its Order of March 31, 2015 that Plaintiff had appealed his probation revocation to the South Carolina Court of Appeals, which had reversed and remanded the lower court decision with instructions for the circuit court to make further factual findings. As such, this Court found that it was not possible to determine at that time whether Plaintiff's federal claim arising out of his imprisonment following his probation revocation should be dismissed under Heck. See Order (Court Docket No. 24, pp. 7-8). However, the evidence now provided to the Court as part of the Defendants' motion for summary judgment shows that, following remand of Plaintiff's probation revocation decision by the State Court of Appeals, the revocation was upheld by the circuit court (this time with the necessary findings being issued), and that Plaintiff's subsequent appeal of that decision was dismissed by the State Court of



Appeals for failure to comply with Rule 207(b) of the South Carolina Appellate Court Rules. See Court Docket Nos. 61-18 and 61-19. Therefore, Plaintiff's claim against the Defendant Stirling is subject to dismissal under Heck because the evidence shows that Plaintiff's probation revocations were never invalidated. Heck, 512 U.S. at 487 [Damage claim under § 1983 barred unless Plaintiff can show that conviction or sentence has been previously invalidated]; Crow, 102 F.3d at 1087 [Heck "applies to proceedings that call into question the fact or duration of parole or probation."].

Plaintiff may argue that since his period of supervision has now been terminated; see Court Docket No. 61-20; Heck is no longer a bar to his filing a damages claim against Stirling under § 1983. Cf. Wilson v. Johnson, 535 F.3d 262, 267-268 (4th Cir. 2008)[former prisoner who brought a § 1983 action against the State of Virginia for arbitrarily extending the duration of his incarceration by four months was not barred by Heck as his sentence had expired, he could not seek habeas relief, and he would be left without any access to federal court if his § 1983 claim was barred]. However, unlike the claimant in Wilson, Plaintiff not only had time to contest his probation revocations, he actually did so and was unsuccessful. See Court Docket Nos. 61-17 through 61-19. Although there is no evidence that Plaintiff ever pursued any *habeas* relief (state or federal) following the dismissal of his appeal on November 6, 2013, he could have done so, but instead he chose to file this § 1983 lawsuit in April 2014 (well *before* his term of supervision was later terminated in January 2015). Cf. Griffin v. Baltimore Police Department, 804 F.3d 692, 696-697 (4th Cir. 2015) [Noting that the exception to the Heck bar "applies only if a petitioner could not have practicably sought habeas relief while in custody"]. Under these circumstances, Plaintiff should not be allowed to use the fact that he is now no longer under supervision as an "end-run" around the Heck bar. Bishop v. Cnty. of Macon, 484 F. App'x 753, 755 (4th Cir. 2012) [Wilson does not permit a Plaintiff to end-run Heck,





but only applies where a prisoner could not, as a practical matter, have sought other relief with respect to his underlying conviction or sentence]; <u>Covey v. Assessor of Ohio County</u>, 777 F.3d 186, 197 (4th Cir. 2015) [In order for the <u>Heck</u> bar not to apply, the claimant must not only no longer be in custody because the sentence has been served, but also could not have practically sought habeas relief while in custody]; <u>cf</u>. <u>Ballenger v. Owens</u>, 515 Fed. Appx. 192, 195 n.5 (4th Cir. 2013)[Noting that where a claimant had sufficient time to pursue post conviction relief, and indeed had actually done so and was unsuccessful, the <u>Heck</u> bar remains even after termination of the underlying conviction or sentence]; <u>Wilson</u>, 535 F.3d at 268 [<u>Heck</u> bar ceases only where a "prisoner could not, as a practical matter seek habeas relief, and after release was prevented from filing a § 1983 claim"]. Therefore, the undersigned concludes that, under the facts of this case, Plaintiff's § 1983 damages claim against Stirling is barred by <u>Heck</u>.

Finally, even if the Court were to find that Plaintiff's claim is *not* barred by <u>Heck</u>, it would fail on the merits. Plaintiff's claim rests on his assertion that he was falsely imprisoned by Stirling even though the South Carolina Court of Appeals reversed and remanded his probation revocation in July 2012. However, the Court of Appeals decision cited by the Plaintiff was a remand of Plaintiff's probation revocation back to the circuit court with instructions for the circuit court to make the required findings as to willfulness of non-payment of restitution; it was not a ruling that the Plaintiff was "innocent" of this charge. Further, the evidence provided to this Court clearly reflects that, following remand, another hearing was held, at the conclusion of which the circuit judge issued orders finding that Plaintiff had "wilfully" made a choice not to pay his restitution, thereby violating the terms of his probation, and revoking Plaintiff's probation with an Order that he serve a custody term. The evidence also shows that Plaintiff's appeal of this decision was dismissed. Hence, there

is no evidence whatsoever to create a genuine issue of fact as to whether Stirling (the Director of the Department of Corrections) is or should be liable to the Plaintiff for any "unlawful imprisonment" of the Plaintiff in the SCDC as a result of these state court orders. Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990) ["An action for false imprisonment cannot be maintained where one is arrested by lawful authority"]; Mayes v. Wheaton, No. 97 C 8072, 1999 WL 1000510 (N.D. Ill. Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), citing Forrester v. White, 484 U.S. 219, 226-227 (1988).  Additionally, Stirling would be entitled to qualified immunity in any event, as a reasonable person in Stirling's position would have no reason to know or suspect that incarcerating the Plaintiff pursuant to orders issued by a circuit court would violate Plaintiff's rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) [State actor entitled to qualified immunity from suit where conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known]; see Edwards v. Washington, No. 11-3518, 2012 WL 1229506, at * 5 (D.S.C. Jan. 5, 2012), adopted by, 2012 WL 1237440 (D.S.C. April 12, 2012).

Therefore, even if considered on the merits, Plaintiff's federal § 1983 damages claim against Stirling is subject to dismissal.

## II.

### (Remaining State Law Claims)

The remainder of Plaintiff's claims are all asserted under state law, and although they appear to have all been addressed by the Defendants in their motion, if the Court dismisses Plaintiff's sole remaining federal claim from this lawsuit, these pendant state law claims should all also be dismissed under United Mine Workers v. Gibbs, 383 U.S. 715 (1966), and its progeny. See In Re

11



Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996).

Gibbs provides that where federal claims in a lawsuit originally filed in United States District Court are dismissed, leaving only state law causes of action, dismissal of the remaining state law claims without prejudice is appropriate in order to allow the Plaintiff to pursue and obtain a ruling as to the viability of his state laws in a more appropriate forum. See generally, Gibbs, 383 U.S. at 726 ["Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"]; Carnegie–Mellon, 484 U.S. at 350, n. 7 ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state law claims."].[4]  Further, if Plaintiff's state law claims were to survive summary judgment, it would be much more appropriate for those claims to be tried by the state courts.

Finally, dismissal of Plaintiff's state law claims would also not prejudice the Plaintiff, as federal law provides for tolling of statutes of limitation for state claims during the period they were pending in federal court and for thirty days afterwards. See 28 U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, 204 F.3d 109, 123–124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099–1100 (11th Cir.1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"].  Therefore, Plaintiff would be able to refile his

---

[4]Plaintiff could, of course, maintain his state claims in this court if there was diversity jurisdiction in this case . See 28 U.S.C. § 1332(a).  However, all of the parties are alleged to be South Carolina residents.  See Court Docket No. 26, pp. 1-2.  Therefore, diversity jurisdiction is not available.



state claims in state court, if he chooses to do so, assuming of course that they were timely asserted initially through the filing of this action.

**Conclusion**

Based on the foregoing, it is recommended that the Defendant Stirling be **granted** summary judgment on the sole remaining federal claim in this lawsuit, and that that claim be **dismissed** for the reasons stated.  Plaintiff's remaining state law causes of action should then be **dismissed**, without prejudice.  Plaintiff may then refile his state law claims in state court, if he chooses to do so.  Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 31, 2016
Charleston, South Carolina

13



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

14

